```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
        -v-                         :         92-cr-550-01 (JSR)
                                    :
LUIS JIMENEZ,                       :         MEMORANDUM
                                    :
            Defendant.              :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

In 1992, defendant Luis Jimenez was arrested and charged in connection with operating a crack production, transportation, and distribution enterprise in the Bronx. On October 25, 1993, he pleaded guilty to the following three counts in the superseding indictment (S3): (1) conspiracy to distribute and possess with intent to distribute 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846 ("Count 1"), (2) operating a continuing criminal enterprise that participated in the distribution of more than 1,500 grams of cocaine base, in violation of 21 U.S.C. § 848(b) ("Count 2"), and (3) carrying a firearm in relation to drug trafficking crimes, in violation of 21 U.S.C. §§ 924(c)(1), 2 ("Count 11"). See Superseding Indictment (S3), ECF Nos. 128, 419-9; Change of Plea Hearing Transcript 10/25/1993, ECF Nos. 171, 491-10 ("Plea Tr.").

Although Count 1 carried a mandatory minimum sentence of 10 years' imprisonment and Count 2 carried a mandatory sentence of

1

life imprisonment, he pleaded guilty in exchange for the Government's agreement to reduce the charges against his co-conspirator, mother of two of his children. See Sentencing Transcript, 4/13/1994, ECF Nos. 208, 491-12, at 7. During a change of plea hearing in front of Judge Conboy, he made an allocution, as required under the plea agreement, to selling "[a]pproximately 15 kilos" of crack during the course of his supervision of the organization. See Plea Tr. 28:3-8; Plea Agreement, dated October 25, 1993, ECF No. 491-2.

On April 19, 1994, the late Judge Schwartz (to whom the case has been transferred after Judge Conboy's resignation) sentenced Jimenez to a term of life imprisonment under Counts 1 and 2, plus, consecutively, a term of 5 years' imprisonment on Count 11. See Judgment, ECF Nos. 192, 491-11.

On December 17, 2019, the Court received a pro se motion of Jimenez for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Subsequently, he retained pro bono counsel, who filed the instant motion superseding the pro se motion, and seeking a reduction of Jimenez's sentence to time served. See ECF No. 489.

After receiving full briefing from the parties, see ECF Nos. 490, 497, the Court held a telephonic oral argument and hearing on April 28, 2020. At argument, the Court ruled that Jimenez was eligible for a sentence reduction. See Transcript

2

4/28/2020. Thereupon, after acknowledging that Jimenez had duly waived his right to be present because of restrictions on account of the COVID-19 pandemic, the Court, on the parties' consent, proceeded with a resentencing hearing, at the end of which it informed the parties that, again with their consent, the Court's rulings on the motion would follow in writing. See id.

Accordingly, for the reasons set forth in this memorandum, the Court hereby issues the accompanying Order Regarding Motion for Sentence Reduction Pursuant to First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) granting the motion and reducing Jimenez's previously imposed sentence of life imprisonment to 360 months' imprisonment.

## Analysis

In 2010, Congress passed the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, which, inter alia, modified the statutory penalties for certain drug offenses. As relevant here, section 2 of the Fair Sentencing Act increased from 50 grams to 280 grams the amount of crack required to trigger the minimum and maximum sentences imposed by 21 U.S.C. § 841(b)(1)(A). Section 2 also effectively increased from 1.5 kilograms to 8.4

kilograms the amount of crack required to trigger the mandatory life sentence imposed by § 848(b).[1]

Although these provisions of the Fair Sentencing Act have always applied to offenders sentenced after the statute took effect, see Dorsey v. United States, 567 U.S. 260, 264 (2012), originally they did not apply to offenders sentenced before the law's enactment. In 2018, however, Congress passed the First Step Act, which, inter alia, made certain provisions of the Fair Sentencing Act retroactive. As relevant here, section 404(b) of the First Step Act allows "[a] court that imposed a sentence for a covered offense . . . [to] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b).

I. **Eligibility for a reduction under the First Step Act**

Jimenez is eligible for relief under the First Step Act. To begin with, Jimenez has been serving a sentence for a "covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a). For purposes of

---

[1] To be more precise, section 2 increased from 5 grams to 28 grams the amount of crack required to trigger the minimum and maximum sentences imposed by § 841(b)(1)(B), where § 848(b) incorporates as an element of the offense a multiple (300 times) of the threshold drug quantities listed in § 841(b)(1)(B).

4

calculating statutory penalties here, the relevant drug quantity is the one charged in the superseding indictment upon which Jimenez was convicted (i.e., "50 grams and more" under Count 1 and "more than 1,500 grams" under Count 2), not the amount attributed to Jimenez by subsequent judicial finding (i.e., 15 kilograms to which he allocuted during the change of plea hearing). See United States v. Martinez, No. 04-cr-48-20 (JSR), 2019 WL 2433660 (S.D.N.Y. June 11, 2019); see also United States v. McDonald, 944 F.3d 769 (8th Cir. 2019); United States v. Beamus, 943 F.3d 789 (6th Cir. 2019); United States v. Whitmore, 573 F. App'x 24 (2d Cir. 2014) (summary order).

Under Count 1, Jimenez pleaded guilty to conspiracy to distribute 50 grams and more of cocaine base. See Plea Tr. 15. The Fair Sentencing Act reduced the mandatory minimum term for Jimenez's offense under Count 1 from 10 years to 5 years and reduced the corresponding mandatory maximum term from life to 40 years. See Fair Sentencing Act § 2(a)(1); 21 U.S.C. § 814(b)(1)(B). Under Count 2, Jimenez pleaded guilty to participating in a continuing criminal enterprise involved in the distribution of more than 1,500 grams of cocaine base. See Plea Tr. 15. The Fair Sentencing Act reduced the statutory penalty for Jimenez's offense under Count 2 from mandatory life imprisonment to the mandatory minimum term of 20 years and the

mandatory maximum term of life. See Fair Sentencing Act § 2(a)(2); 21 U.S.C. § 848(a).

The remaining two statutory requirements for eligibility for a sentence reduction under the First Step Act are also satisfied: Jimenez was sentenced before August 3, 2010, and none of the exceptions in § 404(c) apply. See First Step Act § 404(b), (c).

## II.  Reduction of Jimenez's sentence

The Court now turns to its decision to reduce Jimenez's sentence from life imprisonment to 360 months' imprisonment.

As discussed above, the Fair Sentencing Act substantially reduced the statutory minimum and maximum for Jimenez's offenses under Count 1 and Count 2, and therefore some relief is warranted. The Court also agrees with the defense's view that the sentence imposed in 1994 was excessive and embodies the type of disproportionate sentence for crack violations that Congress sought to remedy in passing the Fair Sentencing Act and the First Step Act. See Memorandum of Law in Support of Luis Jimenez's Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act, ECF No. 490 ("Def. Mem."), at 21-22.[2]

---

[2]  As the Court stated during the recent hearing, Guideline calculations put too much emphasis on the amount of drugs distributed, to a point where the Guideline range resulting from such calculations is, in the Court's view, unreasonable. See Transcript 4/28/2020.

6

With that backdrop, the Court has carefully considered all relevant factors in 18 U.S.C. § 3553(a), including Jimenez's post-sentencing conduct. While the Court does not for a moment

---

Nevertheless, because it is required to do so, the Court calculates the amended Guideline range as follows. First, Jimenez was responsible for 15 kilograms of cocaine base as he allocuted under oath during the change of plea hearing. The defense argues that the relevant quantity should be the amounts charged in the superseding indictment, because, if the Fair Sentencing Act had been in place when Jimenez was charged such that the quantities in the indictment did not subject him to a mandatory life sentence, Jimenez would have supposedly contested the quantity his plea agreement required him to allocute during the change of plea hearing. See Def. Mem. at 18-19; see also Transcript 4/28/2020. However, the defense's argument necessarily implies that Jimenez lied under the oath during the plea hearing when he admitted to distributing 15 kilograms of crack, whereas defense counsel herself, during the recent hearing, vehemently denied that her client had lied. See Transcript 4/28/2020. The defense cannot have it both ways. Moreover, "[e]ngaging in a hypothetical assessment of how a defendant might have been charged and how a finding of guilt would have come about is fraught with conjecture and reflects an approach that is contrary to the sound administration of justice." United States v. Thompson, No. 05-cr-42, 2019 WL 4040403, at *7 (W.D. Pa. Aug. 27, 2019). (In addition, for the reasons stated during the recent hearing, the Court does not rely on the back of the envelope calculation in the presentence investigation report from 1994 that Jimenez was responsible for 52.920 kilograms of crack. See Transcript 4/28/2020; see also Presentence Investigation Report, prepared February 16, 1994, ECF No. 491-1 ("Original PSR") ¶ 235.)

Based on 15 kilograms of crack for which Jimenez was responsible, the new base offense level is 40, minus 2 for acceptable of responsibility, which yields a new total offense level of 38. See U.S.S.G. §§ 2D1.5(a), 3E1.1(a); Original PSR ¶¶ 242, 249. Combined with Criminal History Category I, the amended Guideline range is 235 to 293 months under Counts 1 and 2, which are grouped. See U.S.S.G. §§ 2D1.1(c)(2), 3D1.2(d). In addition, that is to be followed by the statutory mandatory and consecutive term of 60 months under Count 11. See 18 U.S.C. § 924(c).

minimize Jimenez's role as the leader of a serious crack distribution conspiracy, there are clear signs that Jimenez has rehabilitated himself in the past 28 years through education and work and by remaining in close contact with his family. Jimenez has completed over 1,000 hours of ESL education, successfully learning to speak, read, and write in English. See Educational Transcript and Diploma, ECF No. 491-3. He used this skill to earn his GED while in custody and studied law related to his case. See id. With respect to his work in the unit, an evaluator wrote that Jimenez "continues to maintain clear conduct and receive outstanding work evaluations." Individualized Reentry Plan – Program Review, ECF No. 491-4, at 2. He has received only 9 disciplinary infractions during almost 28 years in prison, the majority of which occurred prior to his sentencing in April 1994, only one of which occurred since 2002, and none since 2011. See Inmate Discipline Data, ECF No. 491-5.

   Putting all this together, the Court finds that a reduction in Jimenez's sentence from life sentence to 360 months' imprisonment is warranted, leaving him approximately two more years in prison. (Whether, as a result of any "good time" reduction for which Jimenez may now be eligible, he will be released even prior to that time is, of course, a matter to be calculated by the Bureau of Prisons.) It would appear that

Jimenez also likely faces immediate deportation following his release.

## Conclusion

For the foregoing reasons, the Court finds that Jimenez is eligible for a sentence reduction under the First Step Act and issues the accompanying Order granting Jimenez's motion and reducing his sentence to 360 months' imprisonment.

The Clerk is directed to close the entry bearing docket number 489.

Dated:   New York, NY

        April 30, 2020                    _____
                                          JED S. RAKOFF, U.S.D.J.